## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BRENDA SALAZAR,

       Plaintiff,

v.

CAINE & WEINER COMPANY, L.L.C.,

       Defendant.

CIVIL COMPLAINT

CASE NO. 1:20-cv-06242

DEMAND FOR JURY TRIAL

## COMPLAINT

NOW comes BRENDA SALAZAR ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of CAINE & WEINER COMPANY, L.L.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.      This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

**PARTIES**

4.     Plaintiff is a consumer over 18-years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

5.     Defendant "is a solution-based accounts receivable management company that provides credit and collection services to America's leading companies."[1]  Defendant's principal office, as well as its registered agent – Frank Dispensa, is located at 1699 East Woodfield Road, #360, Schaumburg, Illinois 60173.  Defendant is managed by Caine Weiner Company Inc., located at 5805 Sepulveda Boulevard, Floor 4, Sherman Oaks, California 91411. Defendant regularly engages in collection activities in several different states, including the state of Illinois.

6.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.     Plaintiff recently reviewed her Experian credit report and discovered an entry bearing Defendant's name, which was reporting in an active collection status a delinquent consumer debt purportedly owed to *ReadyRefresh by Nestle* ("subject debt"), as seen below.

| Account name CAINE & WEINER | Account number 8091172 | Recent balance $138 as of 08/21/2020 | Date opened 06/2014 | Status Collection account. $138 past due as of Aug 2020. |
|---|---|---|---|---|
| PO BOX 55848 SHERMAN OAKS, CA 91413 818 226 6000 Address identification number 0128624022 Original creditor READYREFRESH BY NESTLE | Type Collection Terms 1 Months On record until Nov 2020 | Credit limit or original amount $138 High balance $0 Monthly payment $0 Recent payment amount $0 | Date of status 08/2014 First reported 08/2014 Responsibility Individual | |

---

[1] https://www.caine-weiner.com/about-us/

8.      Plaintiff also discovered that Defendant had updated its furnishing of the subject debt to Experian as recently as August 2020.

9.      Plaintiff's Experian credit report further reflected that the subject debt would remain on Plaintiff's credit record through November 2020.

10.     Upon information, as a collection account remains on a consumer report for seven (7) years beginning from the date of first delinquency of the underlying debt, the subject debt fell into delinquency beginning in or around November 2013.  *See* 15 U.S.C. § 1681c.

11.     Plaintiff was confused by Defendant's reporting of the subject debt, so in October 2020, Plaintiff accessed Defendant's website to ascertain additional information.

12.     Upon inputting her personal information on Defendant's website, Plaintiff was directed to her account information, which listed the subject debt, in the amount of $405.48 ("subject debt").

13.     Defendant attempted to collect the subject debt from Plaintiff during her accessing of Defendant's website by, *inter alia*: (i) stating "Caine & Weiner is a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose;" and (ii) providing a platform for Plaintiff to make an online payment towards the balance of the subject debt.

14.     The applicable Illinois statute of limitations for the subject debt states, in relevant part:

> Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressly or implied…shall be commenced within 5 years next after the cause of action accrued.  *See* 735 ILCS § 5/13-205.

15.     Accordingly, given the applicable five (5) year Illinois statute of limitations and the fact that the subject debt fell into delinquency beginning in or around November 2013, as of October 2020, the date in which Plaintiff accessed her credit report and Defendant's website, the subject debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

16.     Despite the time-barred status of the subject debt, at no point during Plaintiff's accessing of Defendant's website did Defendant disclose or explain to Plaintiff that the subject debt was time-barred and/or that Defendant could not sue her to collect it.

17.     Despite the time-barred status of the subject debt, at no point during Plaintiff's accessing of Defendant's website did Defendant disclose or explain to Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability.

18.     After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

19.     Plaintiff was misled by Defendant's statements, representations and/or omissions directed to her on Defendant's website.

20.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

21.     Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

22.     Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.     Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24.     Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25.     Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26.     Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debt owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt."  Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1951.[2]

27.     The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

#### a.     Violations of the FDCPA § 1692e

28.     The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

---

[2] http://www.acainternational.org/search#memberdirectory

29.     In addition, this section enumerates specific violations, such as:

(2) The false representation of -- (A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

30.     Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through the representations and statements directed to Plaintiff via its website by attempting to collect the subject debt despite omitting the disclosure of material information to Plaintiff regarding the subject debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

31.     Defendant knew, or should have known, that the subject debt was time-barred, but yet, Defendant failed to provide any disclosure of the same – and/or the legal implications of the same – to Plaintiff.

32.     Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that she would waive her rights and affirmative defenses under the law by making a payment.

33.     Plaintiff was unable to adequately determine the character and legal status of the subject debt based upon Defendant's representations and/or omissions directed to her via its website, and was likewise unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the subject debt.

34.     As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications have to be true, complete and accurate, especially when Defendant is attempting to collect upon a time-barred debt.  Defendant

had an obligation to accurately alert Plaintiff as to her rights with respect to the subject time-barred debt, but skirted this obligation with deceptive and misleading representations and/or omissions.

### b. Violations of FDCPA § 1692f

35.     The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36.     Defendant violated § 1692f through its unfair efforts to collect upon the subject debt.  Despite the time-barred status of the subject debt, Defendant unconscionably failed to apprise Plaintiff of this federally-mandated disclosure, as well as of the fact that it could not sue her to collect.  Defendant also failed to notify Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability.  Defendant engaged in this conduct in an effort to mislead Plaintiff into making a payment and to ultimately cause her unwarranted financial harm by restarting the applicable statute of limitations.

37.     As set forth in paragraphs 19 through 22, *supra,* Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, BRENDA SALAZAR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate

DATED this 21st day of October, 2020.                    Respectfully Submitted,

                                                    /s/ Taxiarchis Hatzidimitriadis
                                                    Taxiarchis Hatzidimitriadis #6319225
                                                    David S. Klain #0066305
                                                    CONSUMER LAW PARTNERS, LLC
                                                    333 N. Michigan Ave., Suite 1300
                                                    Chicago, Illinois 60601
                                                    (267) 422-1000 (phone)
                                                    (267) 422-2000 (fax)
                                                    teddy@consumerlawpartners.com

                                                    *Attorneys for Plaintiff, Brenda Salazar*